SAINT LOUIS & SAN FRANCISCO RAILROAD COMPANY
*v.* KIMMONS.

Opinion delivered October 19, 1895.

JUSTICE'S COURT—VARIANCE BETWEEN PLEADING AND PROOF.—In an action in a justice's court to recover damages for killing an animal, evidence that the company failed to post notice of its killing, as required by the statute making it liable for double the value of the animal killed in case of such failure, is inadmissible where the "written statement of the facts" contains no reference to such failure.

Appeal from Benton Circuit Court.

EDWARD S. McDANIEL, Judge.

STATEMENT BY THE COURT.

This was an action for damages for killing a cow. The suit was brought before a justice of the peace. Omitting the caption, the statement of the plaintiff's cause of action is as follows: "The plaintiff, R. D. Trout, states that on the 8th day of July, 1892, the said company's train killed a cow of his, valued by bystanders at the time to be worth twenty-five dollars or more; and claim sent into the company for the amount of twenty-five dollars at the time, on 16th day of July, 1892, and, no notice being taken of it, nor any part thereof being paid, he prays that he may have process issued for double that amount, fifty dollars, and judgment rendered as the law directs, and all his costs and damages that may accrue in this action."

The defendant company did not appear, and a judgment was rendered by the justice of the peace in favor of plaintiff for the sum of fifty dollars. On a trial *de novo* in the circuit court on appeal, the plaintiff offered to introduce proof tending to show that the employees of the company had failed to post notice of the animal

killed, to which testimony the defendant objected, on the ground that the plaintiff's statement of his cause of action contained no allegation that there had been a failure to post, and that it had no notice of such a claim. The court overruled the objection, and admitted the testimony, and further instructed the jury that a failure to post the notice required by the statute would render defendant liable for double damages. The proof showed the value of the cow to be from eighteen to twenty-five dollars.

*E. D. Kenna* and *B. R. Davidson*, for appellant.

1. The action was clearly brought under the act of March 13, 1885, and was tried on this theory, but the court allowed proof of double damages. Sand. &. H. Dig. sec. 6350. It is necessary to allege that the animal was not posted. 45 Ark. 295, 297-8.

2. An engineer is not required to look for stock off the track. 48 Ark. 366, 370.

3. The evidence overcame the *prima facie* case, and the verdict should have been for defendant. 47 Ark. 321; 41 *id.* 161; 40 *id.* 336.

*L. H. McGill*, for appellee.

1. The action was not based upon Sand. & H. Dig. sec. 6350.

2. To obtain a continuance appellant should have shown that the animal had been posted or that he *believed* such proof could be made by affidavits. Sand. & H. Dig. secs. 5839, 5842; 16 A. & E. Enc. Law, pp. 532, 535, and notes.

3. There is no error in the charge, and the evidence supports the verdict.

RIDDICK, J., (after stating the facts.) We think that the evidence was sufficient to support the verdict. Without discussing that point, we pass to the question whether the court properly admitted testimony tending

to show that the appellant failed to post notice of the animal killed. If the failure to post such a notice was a question at issue in the case, the evidence was proper; otherwise, not. "Of all the rules of evidence," says Mr. Best, "the most universal and the most obvious is this—that the evidence adduced should be alike directed and confined to the matters which are in dispute, or which form the subject of investigation. The theoretical propriety of this rule," he adds, "never can be matter of doubt, whatever difficulties may arise in its application." Chamberlayne's Best on Ev. sec. 251.

There was no written pleading filed by appellant, and we must, to determine the facts in dispute, look to the statement filed by plaintiff. As a rule, no formal pleadings are required in actions before justices of the peace; but the plaintiff, in obedience to the statute, filed "a short written statement of the facts" on which his action was founded. In this statement there is no reference to a failure to post a notice of the animal killed. No such fact is alleged, and it was therefore not in issue. No such question was under investigation, and the testimony was irrelevant and improper, and should not have been admitted over the objection of the appellant.

The introduction of this evidence, and the charge of the court in reference thereto, caused the jury to assess double damages against the appellant. The judgment will therefore be reversed, and the cause remanded for a new trial, unless the appellee shall within thirty days enter a remittitur of eighteen dollars, under the rule in such cases.